STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-10-310
                                                  *NM -CuM- n/25/2011*

CAMDEN NATIONAL
BANK,
            Plaintiff

                                                  ORDER ON PLAINTIFF/COUNTERCLAIM
      v.                                          DEFENDANT'S MOTION TO DISMISS
                                                  COUNTERCLAIM
GREGORY M. HOLMES,

            Defendant

Before the court is the plaintiff/counterclaim defendant Camden National Bank's motion to dismiss the defendant/counterclaim plaintiff Gregory M. Holmes's counterclaim pursuant to M.R. Civ. P. 12(b)(6). The plaintiff asserts that the defendant failed to comply with the specific pleading requirements in M.R. Civ. P. 9(b). For the following reasons, the motion is granted in part and denied in part.

BACKGROUND

In its complaint, the plaintiff seeks damages for the breach of two promissory notes. In his counterclaim, the defendant alleges that the plaintiff is responsible for the alleged fraudulent conduct of its former employee and seeks compensatory and punitive damages. In his response to the plaintiff's motion to dismiss, the defendant makes clear that his counterclaim is based on the plaintiff's negligent failure to mitigate the fraudulent actions of its employee, Tina Torres-York. The defendant alleges the plaintiff is liable based on the doctrine of respondeat superior.

DISCUSSION

    1. Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint or counterclaim. New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d 673, 674-75. The court views the material allegations of the complaint

1

or counterclaim as admitted and considers the pleading in the light most favorable to the party asserting the claim to determine whether it sets forth elements of a cause of action or alleges facts that would entitle that party to relief pursuant to some legal theory. Id.

### 2. Punitive Damages

The plaintiff first claims that the defendant is not entitled to punitive damages. Punitive damages cannot be recovered in the absence of express or implied malice. St. Francis De Sales Fed. Credit Union v. Sun Ins. Co. of N.Y., 2002 ME 127, ¶ 16, 818 A.2d 995, 1001. "Express malice exists when 'the defendant's tortious conduct is motivated by ill will toward the plaintiff.'" Id. (quoting Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me. 1985)). "Implied malice arises when 'deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied.'" Id. Negligence or reckless conduct are not sufficient to justify an award of punitive damages. Tuttle, 494 A.2d at 1361.

The defendant makes clear in his opposition that his claim is based in negligence. (Def.'s Opp. at 1-2.) Accordingly, he cannot maintain his claim for punitive damages.

### 3. Respondeat Superior

The defendant asserts that the plaintiff is liable for Ms. Torres-York's fraudulent conduct based on the doctrine of respondeat superior because Ms. Torres-York committed fraudulent activities within the scope of her employment. Maine has adopted the test in the Restatement of Agency to determine whether an employer should be held vicariously liable for the actions of an employee. Spencer v. V.I.P., Inc., 2006 ME 120, ¶ 6, 910 A.2d 366, 367. An employer will be liable for an employee's torts only if they occur "within the scope of employment." Id. (citing Mahar v. StoneWood

2

Transp., 2003 ME 63, ¶ 13, 823 A.2d 540, 544). "An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." Restatement (Third) of Agency, § 7.07(2) (2006); see Gniadek v. Camp Sunshine at Sebago Lake, Inc., 2011 ME 11, ¶ 34, 11 A.3d 308, 317 (applying the Restatement (Third) of Agency).

In his counterclaim, the defendant alleges that Ms. Torres-York "was an employee, agent, and representative of [Camden], acting and presenting herself as a servant within the scope of her employment." (Counter-Cl. ¶ 7.) Additionally, the defendant asserts that Ms. Torres-York assumed all responsibility for his accounts with the plaintiff. (Counter-Cl. ¶ 8.) The defendant alleges that while employed at the plaintiff, Ms. Torres-York withdrew "funds from individual customer's line of credit without authorization," which constituted "fraud and breach of trust, conversion, embezzlement/theft, and unjust enrichment." (Counter-Cl. ¶ 9.)

The plaintiff argues that it cannot be held liable for its employee's intentional wrongdoing. An employee's tortious or criminal conduct is not necessarily precluded from falling within the scope of employment. See Mahar, 2003 ME 63, ¶ 16, 823 A.2d at 545. Under the Restatement (Third) of Agency, an employer may be liable for a tort committed by an employee "in dealing or communicating with a third party on or purportedly on behalf of the principal when actions taken by the agent with apparent authority constitute the tort or enable the agent to conceal its commission." Restatement (Third) of Agency § 7.08 (2006).[1] '"Apparent authority is authority which, though not

---

[1] Section 7.08 of the Restatement "applies to torts such as 'fraudulent and negligent misrepresentations, defamation, tortious institution of legal proceedings, and conversion of

3

actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing. Apparent authority exists only when the *conduct of the principal* leads a third party to believe that a given party is [its] agent."' Gniadek, 2011 ME 11, ¶ 33, 11 A.3d at 316-17 (quoting QAD Investors, Inc. v. Kelly, 2001 ME 116, ¶ 19, 776 A.2d 1244, 1250) (emphasis original). The defendant sufficiently alleges that Ms. Torres-York was acting within the scope of her employment and purportedly on the plaintiff's behalf when she improperly withdrew funds from individual's credit lines. (Counter-Cl. ¶¶ 6-9.)

### 4. Causation

The plaintiff asserts that the defendant does not allege a causal link between Ms. Torres-York's fraudulent activities and his damages. The defendant's allegations, viewed in the light most favorable to him, are sufficient to state a causal link between Ms. Torres-York's actions and his damages. (See Counter-Cl. ¶¶ 15, 16.)

The entry is

> The Plaintiff/Counterclaim Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. The Defendant/Counterclaim Plaintiff's claim for punitive Damages in the Counterclaim is DISMISSED. The remainder of the Motion to Dismiss is DENIED.

Date: March 25, 2011

Nancy Mills
Justice, Superior Court

---

property obtained by an agent purportedly at the principal's direction." Gniadek, 2011 ME 11, ¶ 34, 11 A.3d at 317 (quoting Restatement (Third) of Agency § 708 cmt. a (2006)). The defendant alleges that Ms. Torres-York's conduct constituted, among other things, conversion. (Counter-Cl. ¶ 9.)

4

: OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

LEE BALS ESQ
JENNIE CLEGG ESQ
MARCUS CLEGG & MISTRETTA
ONE CANAL PLAZA
SUITE 600
PORTLAND ME 04101-4035

*P -complaint*

F COURTS
and County
reet, Ground Floor
ME 04101

JAMES STRONG ESQ
PO BOX 56
THOMASTON ME 04861

Street, Ground Floor
nd, ME 04101

JOHN MONTGOMERY ESQ
WENDY PARADIS ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME 04104-5029

*P - counterclaim*